IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL BOURNE, TDCJ #1567258, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-0515 |
| LIEUTENANT GUNNELS, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This prisoner civil rights case is set for trial on December 16, 2019. Pending before the court is Defendants' Motion for Leave to File [an] Amended Proposed Joint Pretrial Order ("Defendants' Motion") (Docket Entry No. 95). Also pending is Defendants' Unopposed Motion for [a] Pretrial Conference Under Rule 16 ("Motion for a Pretrial Conference") (Docket Entry No. 99), regarding whether an amendment to the Joint Pretrial Order is warranted.[1] Plaintiff Michael Bourne has filed a response (Docket Entry No. 103) and the defendants have filed a reply (Docket Entry No. 104). The Defendants' Motion and the Motion for a Pretrial Conference will be denied for the reasons set forth below.

---

[1] The court reconsiders the Motion for a Pretrial Conference here, which was initially denied on September 26, 2019, pending a response from the plaintiff to Defendants' Motion for Leave to File an Amended Joint Pretrial Order. See Docket Entry No. 100, p. 1.

## I. Background and Procedural History

In 2016, state inmate Michael Bourne filed this civil rights lawsuit against the following defendants who were employed by Texas Department of Criminal Justice ("TDCJ") as correctional officers or supervisory officials at the Estelle High Security Unit: (1) Lieutenant Michael Gunnels; (2) Sergeant Carlos Applewhite; (3) Officer Anthony Howard; (4) Officer Ronald Weaver; (5) Officer Robert LeBlanc; (6) Officer Ernest Price; (7) Officer Ajisefini; and (8) Officer Sascha Ford.[2] Bourne's primary claim was that Officers Howard, Weaver, LeBlanc, Price, and Ajisefini violated his rights under the Eighth Amendment during a planned use of force that occurred on November 21, 2014, while these officers were extracting Bourne from his cell.[3] Bourne alleged further that Lieutenant Gunnels, Sergeant Applewhite, and Officer Ford, who was operating the video camera that recorded the use of force, were liable for violating his Eighth Amendment rights as bystanders who failed intervene and stop the use of excessive force by the other defendants.[4]

In a Memorandum Opinion and Order entered on June 7, 2017, the

---

[2]Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint"), Docket Entry No. 1, p. 3; [Supplemental] Complaint, Docket Entry No. 28, pp. 1-2.

[3]Complaint, Docket Entry No. 1, pp. 3-6; Supplemental Complaint, Docket Entry No. 28, pp. 1-3.

[4]Complaint, Docket Entry No. 1, pp. 3-4; Supplemental Complaint, Docket Entry No. 28, p. 3.

court granted summary judgment in the defendants' favor after concluding that the defendants were entitled to qualified immunity because Bourne did not establish that excessive force was used in violation of the Eighth Amendment.[5] Because Bourne failed to show that excessive force was used, the court also granted summary judgment on Bourne's claim for bystander liability.[6]

Bourne filed a Notice of Appeal from the dismissal order entered on June 7, 2017.[7] The Fifth Circuit considered briefing from both sides and observed that Bourne challenged only the summary judgment on his excessive-force claim. See Bourne v. Gunnels, 921 F.3d 484, 490 (5th Cir. 2019).[8] The Fifth Circuit reversed the summary judgment on that claim and remanded the case for further consideration of Bourne's allegation that excessive force was used by the defendants. Id. at 493. In reversing that decision, the Fifth Circuit placed "no limits on what matters the district court can consider, or what decisions it should make, on remand." Id.

---

[5]Memorandum Opinion and Order, Docket Entry No. 61, pp. 17-30.

[6]Id. at 30-31. The court also granted summary judgment on Bourne's claims related to the conditions of his cell following the use of force and his claim of retaliation by one of the defendants. Id. at 32-34. Because those claims are no longer at issue, the court does not discuss them further.

[7]Notice of Appeal, Docket Entry No. 63, p. 1.

[8]The Fifth Circuit's opinion was entered on April 16, 2019, and the mandate issued on May 8, 2019. See Docket Entry No. 74, pp. 1-2; Docket Entry No. 75, pp. 1-12.

-3-

On August 19, 2019, the parties submitted a Proposed Joint Pretrial Order that described the contested issues for trial to include Bourne's claims that Howard, Weaver, Price, Ajisefini, and LeBlanc are liable for using excessive force against him and that Gunnels, Applewhite, and Ford are liable as bystanders for failing to intervene in the use of excessive force.[9] The court discussed the Proposed Joint Pretrial Order with the parties at a pretrial conference on August 30, 2019, and entered a scheduling order to prepare for trial on December 16, 2019.[10]

The defendants now seek leave to file an amended Joint Pretrial Order to eliminate reference to Bourne's bystander-liability claim for failure to intervene against Lieutenant Gunnels, Sergeant Applewhite, and Officer Ford, citing "the law of the case doctrine."[11] The defendants also request a pretrial conference on this issue.[12] Invoking the mandate rule, the defendants point to the Fifth Circuit's opinion and argue that only the excessive-force claim remains for trial.[13] Therefore, the defendants seek clarification about whether Sergeant Applewhite and Officer Ford must appear for trial on Bourne's claim that they failed to intervene and stop the use of excessive force by the

---

[9]Proposed Joint Pretrial Order, Docket Entry No. 91, pp. 1-2.

[10]Hearing Minutes and Order, Docket Entry No. 93, pp. 1-2.

[11]Defendants' Motion, Docket Entry No. 95, pp. 1-3.

[12]Motion for a Pretrial Conference, Docket Entry No. 99.

[13]Id. at 1, 2.

other defendants.[14]

## II. **Discussion**

### A. **Law of the Case and the Mandate Rule**

"Under the law of the case doctrine, an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." United States v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002) (quoting Tollett v. City of Kemah, 285 F.3d 357, 363 (5th Cir. 2002) (citation omitted)); see also Musacchio v. United States, 136 S. Ct. 709, 716 (2016) ("The law-of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (citations and internal quotation marks omitted).

"A corollary of the law of [the] case doctrine" is the mandate rule, which "provides that a lower court on remand must implement both the letter and spirit of the [appellate court's] mandate, and may not disregard the explicit directives of that court". Tollett, 285 F.3d at 364 (citation and internal quotation marks omitted; alteration in original; emphasis omitted). The Fifth Circuit has recognized "several exceptions to the rule, including where the district court considers new evidence, where there is an intervening change in law, or where 'the earlier decision is

---

[14]Id. at 4.

-5-

clearly erroneous and would work a manifest injustice.'" Webb v. Davis, — F.3d —, 2019 WL 5205899, *2 (5th Cir. Oct. 16, 2019) (quoting United States v. Pineiro, 470 F.3d 200, 205-06 (5th Cir. 2006)). Thus, "it is a discretionary rule that can be set aside in certain circumstances." Id. (citing United States v. Teel, 691 F.3d 578, 583 (5th Cir. 2012)).

"When on remand the district court assays to implement the mandate, it must proceed . . . by taking into account the appeals court's opinion and the circumstances it embraces." Pineiro, 470 F.3d at 205; see also Tollett, 285 F.3d at 364 (same). Unless one of the above-referenced exceptions applies, the district court "must comply 'with the dictates of a superior court' and cannot allow 'relitigation of issues expressly or impliedly decided by the appellate court.'" Webb, — F.3d —, 2019 WL 5205899, *2 (quoting Fisher v. Univ. of Texas at Austin, 758 F.3d 633, 639-40 (5th Cir. 2014)).

**B. The Bystander-Liability Claim is not Barred**

As outlined above, this court granted summary judgment on Bourne's bystander-liability claim after it concluded that he failed to show that excessive force was used during the incident that forms the basis of his complaint.[15] The court reasoned that absent a showing that excessive force was used, Bourne could not demonstrate that Gunnels, Applewhite, or Ford violated his rights

---

[15]Memorandum Opinion and Order, Docket Entry No. 61, p. 30.

-6-

by failing to intervene.[16] The Fifth Circuit reversed and remanded the claim of excessive force, concluding that there was a genuine issue of material fact on whether excessive force was used. Bourne, 921 F.3d at 492-93.

Noting that Bourne did not appeal this court's decision to grant summary judgment on his bystander-liability claim, the defendants argue that he waived his claim of bystander liability by not appealing the ruling on summary judgment.[17] The defendants note that, as it relates to the law of the case, the waiver doctrine "holds that an issue that could have been but was <u>not</u> raised on appeal is forfeited and may not be revisited by the district court on remand." Med. Ctr. Pharm. v. Holder, 634 F.3d 830, 834 (5th Cir. 2011) (emphasis in original) (citations omitted).

Bourne is a *pro se* litigant who also represented himself on appeal. Although Bourne did not appeal his bystander-liability claim, the Fifth Circuit's conclusion that there were fact issues remaining on the excessive-force claim implicates Bourne's related claim for bystander liability based on the failure to intervene and stop the use of excessive force. The court is not persuaded that the waiver doctrine applies or that the bystander liability claim is precluded from reconsideration by the law of the case.

More importantly, there is no language in the Fifth Circuit's

---

[16]Id. at 31.

[17]Defendants' Motion, Docket Entry No. 95, p. 2.

-7-

opinion that precludes reconsidering Bourne's claim that Gunnels, Applewhite, and Ford are liable as bystanders for failing to intervene in the use of excessive force. In that respect, the Fifth Circuit expressly stated that it placed "no limits on what matters" could be considered on remand. Bourne, 921 F.3d at 493. Based on this record, the court concludes that neither the law of the case nor the mandate rule preclude consideration of Bourne's bystander-liability claim at trial. Therefore, Defendants' Motion for Leave to File an Amended Proposed Joint Pretrial Order will be denied.

### III. CONCLUSION AND ORDER

Based on the foregoing, the court **ORDERS** as follows:

1. Defendants' Motion for Leave to File an Amended Proposed Joint Pretrial Order (Docket Entry No. 95) is **DENIED.**
2. Defendants' Unopposed Motion for Pretrial Conference Under Rule 16 (Docket Entry No. 99) is **DENIED.**

The Clerk will provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 29th day of October, 2019.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE